# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PLANNED PARENTHOOD OF THE HEARTLAND,** | ) CASE NO. 4:10CV3122 ) ) |
| **DR. JILL MEADOWS** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ORDER ) |
| **DAVE HEINEMAN**, Governor of Nebraska, in his official capacity; | ) ) ) ) |
| **JON BRUNING**, Attorney General of Nebraska; in his official capacity; | ) ) ) ) |
| **KERRY WINTERER**, Chief Executive Officer, and **DR. JOANN SCHAEFER**, Director of the Division of Public Health, Nebraska Department of Health and Services, in their official capacities; and | ) ) ) ) ) ) ) |
| **CRYSTAL HIGGINS**, President, Nebraska Board of Nursing, and **BRENDA BERGMAN-EVANS**, President, Nebraska Board of Advanced Practice Registered Nurses, in their official capacities, | ) ) ) ) ) ) ) |
| Defendants. | ) |

This matter is before the Court on the Motion for Leave to Intervene (Filing No. 70) filed by Nebraskans United for Life d/b/a NuLife Pregnancy Resource Center ("NuLife"). Movant also seeks reconsideration (Filing No. 73) of the Court's Order and Final Judgment of August 24, 2010 (Filing No. 64). The Court has reviewed the Motions, and to the extent the Court has jurisdiction to address them, they are denied.

## BACKGROUND

On June 28, 2010, Plaintiff Planned Parenthood of the Heartland[1] ("Planned Parenthood") filed its Complaint and a Motion for Preliminary Injunction, challenging the

---

[1] On July 12, 2010, Planned Parenthood amended its complaint to add Dr. Jill Meadows as a plaintiff.

constitutionality of LB 594. On July 14, 2010, after the matter was fully briefed by the parties and following a hearing at which the parties presented oral argument, the Court granted preliminary injunctive relief (Filing No. 53). On August 13, 2010, NuLife filed a motion to intervene "for the limited purposes of appealing and seeking reconsideration of the preliminary injunction," (Filing No. 55) and filed a Notice of Appeal (Filing No. 58). On August 17, 2010, this Court denied NuLife"s motion to intervene (Filing No. 60), to the extent this Court had jurisdiction to consider the matter.

On August 18, 2010, the parties filed a stipulation (Filing No. 62) agreeing to an order granting final declaratory and injunctive relief, and the entry of final judgment. On August 24, 2010, the Court approved the settlement, entered a final judgment, and closed the case on the merits. (Filing No. 64.) NuLife filed the present motions on September 21, 2010.

## DISCUSSION

I.   **Intervention as a Matter of Right**

A.  <u>Standing</u>

In addition to the requirements of Federal Rule of Civil Procedure 24, the Eighth Circuit requires that a party seeking to intervene establish Article III standing. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). Standing requires a showing of an injury in fact, "which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'" *Id.* at 833-34 (quoting *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)). "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative . . . [and]

that the injury is certainly impending.'" *Id.* at 834 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n. 2 (1992)).

Addressing standing in this context is unusual because NuLife seeks to intervene as a defendant, and the Court must determine whether a *defendant* has suffered a traceable injury that will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 560-61. To the extent that any standing analysis is applicable, NuLife has failed to meet it. NuLife claims it suffers injury because "LB 594 creates rights that benefit [NuLife] that this Court seeks to deny," and "this Court's decision actually harms [NuLife] by suggesting that information that [NuLife] distributes is false and misleading."

Neither of NuLife's proffered bases for standing supports a conclusion that it is in immediate danger of suffering a particularized injury. NuLife argues that LB 594 would make abortions less likely, thereby creating a right that NuLife can enforce. NuLife also argues that it competes with Planned Parenthood for customers, and a decrease in customers for Planned Parenthood will increase NuLife's market. This reasoning fails for at least two reasons. First, LB 594 would not create any right that could be enforced directly by NuLife or by any competing health clinic. Second, NuLife's increased patronage and market share as a result of fewer abortions is purely speculative. The Court cannot conclude that these speculative injuries are concrete, particularized, actual or imminent.

NuLife's reputation argument likewise fails. NuLife argues that the Court's decision "brands [NuLife's] information on harms associated with abortions as false and misleading." (Filing No. 71 at 10.) NuLife mischaracterizes the Court's conclusions. In its Order of July 14, 2010, the Court stated that "Plaintiffs have presented substantial evidence that the disclosures mandated by LB 594, if applied literally, will require medical

3

providers to give untruthful, misleading and irrelevant information to patients." (Filing No. 53 at 31.) Neither LB 594 nor the Court's reasoning suggests that this information has any connection with the information given by NuLife to its customers. Therefore, NuLife does not suffer reputational injury.

### B.  Timeliness of Motion to Intervene

Even if an inquiry as to standing were inapplicable to this case, NuLife has not shown that the Court must permit intervention as a matter of right. Rule 24 requires that a party seeking intervention as a matter of right, upon timely motion, establish that it has a recognized interest in the subject matter of the litigation that may be impaired by the disposition of the case and that will not be protected adequately by the existing parties. *See* Fed. R. Civ. P. 24(a). Several factors contribute to a district court's determination of timeliness including "(1) how far the litigation had progressed at the time of the motion for intervention, (2) the prospective intervenor's prior knowledge of the pending action, (3) the reason for the delay in seeking intervention, and (4) the likelihood of prejudice to the parties in the action." *United States v. Ritchie Special Credit Inv., Ltd.*, — F.3d —, No. 09-2528, 2010 WL 3431828, at *6 (Sept. 2, 2010) (internal citations and quotations omitted).

Each of these factors suggests that NuLife's Motion is untimely. NuLife argues that the litigation has not progressed substantively. Though NuLife's Motion to Intervene for a Limited Purpose was filed relatively soon after the Court's Order of July 14, 2010, the present motion was filed nearly a month after the Court entered final judgment. The Eighth Circuit has stated that "[t]he general rule is that motions for intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." *United States v. Assoc. Milk*

*Producers, Inc.*, 534 F.2d 113, 116 (8th Cir. 1976).  Even though the litigation is only a few months old, it is terminated procedurally.  NuLife has not made a strong showing justifying its delay in requesting intervention before judgment had been entered.

NuLife also fails to justify its delay in light of its knowledge of the case.  NuLife cites *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), for the proposition that motions to intervene, filed within the time for giving notice of appeal, are timely.  NuLife's argument is misplaced.  In *United Airlines*, the Supreme Court stated that "as soon as it became clear to the respondent that [her interests would not be protected], she promptly moved to intervene to protect those interests." *Id.* at 394.  As early as its first motion to intervene, NuLife claimed the State Defendants "do not share [NuLife's] interest in the Court's labeling [NuLife's] mission as false and misleading." (Filing No. 56 at 16, filed on August 13, 2010.)  Further, NuLife argues that the State Defendants inadequately protected NuLife's interests by "failing even to put on any evidence in response to [Planned Parenthood's] evidence." (*Id*.)  Without commenting on the validity of these concerns, the Court notes that the facts giving rise to any such concerns were clear to NuLife at the time the Court entered its Order of July 14, 2010, and when the Court denied NuLife's motion to intervene on August 17, 2010.  NuLife did not move promptly to intervene when it allegedly discovered that its interests would not be protected and it has not shown good cause for its delay.

Finally, the named parties would be prejudiced by NuLife's intervention.  The parties stipulated to entry of a final judgment and injunctive relief consistent with the Court's Preliminary Injunction.  The Court approved the stipulation and entered judgment consistent with the parties' agreement.  (Filing No. 64).  Should NuLife's intervention be

5

permitted, the parties would be forced to litigate a case that they agree should be terminated, and prejudice to the parties would result. Accordingly, the Court concludes that each of the stated factors suggests that NuLife's motion is untimely.

## II.     Discretionary Intervention

Permissive intervention under Rule 24(b) is wholly discretionary with the district court. *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *Id.* For the reasons already discussed, the Court concludes that the parties would be prejudiced by permitting intervention, and the Court will not permit intervention under Rule 24(b).

## III.    Motion to Reconsider

Because the Court will deny NuLife's Motion to Intervene, it need not address the Motion for Reconsideration and it will be denied as moot.

Accordingly,

IT IS ORDERED:

1. The Motion for Leave to Intervene (Filing No. 70) filed by Nebraskans United for Life d/b/a NuLife Pregnancy Resource Center is denied; and

2. The Motion for Leave to Intervene (Filing No. 73) is denied as moot.

DATED this 4th day of November, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge